1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 ISRAEL RAMIREZ, | ) Case No. 1:22-cv-00564-SAB (PC) |
| 12        Plaintiff, | ) |
| 13    v. | ) ORDER TO SHOW CAUSE WHY ACTION ) SHOULD NOT BE DISMISSED, WITHOUT ) PREJUDICE, FOR FAILURE TO EXHAUST THE |
| 14 PEREZ, et al., | ) ADMINISTRATIVE REMEDIES |
| 15       Defendants. | ) (ECF No. 1) |
| 16 _____ | ) |

17      Plaintiff Israel Ramirez is appearing pro se and in forma pauperis in this civil rights action

18 pursuant to  28 U.S.C. § 1983.

19    Currently before the Court is Plaintiff's complaint, filed May 11, 2022.

20 **I.**

21 **SCREENING REQUIREMENT**

22      The Court is required to screen complaints brought by prisoners seeking relief against a

23 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court

24 must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

25 or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary

26 relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see also 28

27 U.S.C. § 1915A(b).

28

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

It is well established that a complaint must offer a set of facts that put a defendant(s) on notice of a legal wrong the plaintiff alleges plausibly that the defendant(s) committed. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556–57 (2007). After reviewing the instant complaint, the court is convinced that a defendant could not reasonably be expected to ascertain the nature of plaintiff's claims.

Plaintiff's hand-written complaint is difficult to read. Plaintiff has largely failed to break up the allegations into paragraphs or discrete sentences. Thus, the complaint is difficult and at times impossible to read because of Plaintiff's cramped handwriting. Plaintiff's failure to leave spaces between his words and to double-space his sentences renders his second amended complaint virtually illegible. Plaintiff is required to submit filings which are "clearly legible." Local Rule 130(b). From

the allegations that the Court can decipher, it appears that Plaintiff is complaining of the medical treatment at the Madera County Jail.

### III.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Prisoners are required to exhaust before bringing suit.  Booth, 532 U.S. at 741.  From the face of Plaintiff's Complaint, it is clear that Plaintiff filed suit prematurely and in such instances, the case may be dismissed.  Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal....") (overruled on other grounds by Albino, 747 F.3d at 1168-69; see also Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).' ") (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).

The Supreme Court has held that there are no "special circumstances" exceptions to the exhaustion requirement. Ross v. Blake, 578 U.S. 632, 641 (2016). However, the one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." Id. As described by the Ross Court:

[A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. See 532 U.S. at 736, 738, 121 S.Ct. 1819 .... Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use.... And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.... As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

Id. at 643-44.

It is clear from the face of Plaintiff's complaint that he has not exhausted administrative remedies pursuant to the Prison Litigation Reform Act, 41 U.S.C. § 1997 (e)(a), before filing this lawsuit.  Plaintiff states that there is an administrative grievance procedure at the Madera County Jail.  However, he submits that he did not submit an request for administrative review stating, "it's a[n] emergency tort they don't do nothing for me."  (Compl. at 5.)[1]  There is no exception to excuse exhaustion based on Plaintiff's claim it is an emergency.  See, e.g., Hoffman v. Palagummi, No. 2:16-cv-3030 TLN EFB P, 2019 WL 582353, at *4 (E.D. Cal. Feb. 13, 2019) ("[T]he PLRA makes no provision for an 'imminent danger' or other emergency exception to its exhaustion requirements." (citing Booth, 532 U.S. at 741 n.6; and Porter, 534 U.S. at 532)), report and recommendation adopted by, 2019 WL 2464599 (E.D. Cal. June 13, 2019).  Thus, it appears on the face of the complaint that Plaintiff failed to exhaust his administrative remedies before filing suit.  Accordingly, Plaintiff shall be required to show cause why this case should not be dismissed, without prejudice, for failure to exhaust remedies prior to filing suit. In addition, even if Plaintiff exhausted the administrative remedies, the Court cannot find that he states a cognizable claim for relief and will provide him with the applicable standard.

///

///

///

///

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

**IV.**

**MEDICAL TREATMENT**

A pretrial detainee's rights arise under the Fourteenth Amendment's Due Process Clause whereas a convicted prisoner's rights arise under the Eighth Amendment's Cruel and Unusual Punishments Clause. See Bell v. Wolfish, 441 U.S. 520, 535 (1979). A deliberate indifference test applies to both a pretrial detainee's claim and a prisoner's claim, but for a pretrial detainee it is an objective test, rather than the subjective test which applies to a prisoner's claim. See Gordon v. County of Orange, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). Because Plaintiff claims involves the conditions at the Madera County Jail, the Court applies the more stringent objective deliberate indifference standard. Under this standard, a pretrial detainee must allege:

> (i)the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).  With regard to the third element, the defendant's conduct must be objectively unreasonable —"a test that will necessarily turn[ ] on the facts and circumstances of each particular case." Id. (internal citations and internal quotation marks omitted). Thus, the plaintiff must "prove more than negligence but less than subjective intent— something akin to reckless disregard." Id.

Because of the illegible nature of Plaintiff's complaint and the fact that it appears from the face of the complaint that Plaintiff did not exhaust the administrative remedies, the Court cannot determine that Plaintiff states a cognizable claim for relief.

///

///

///

///

///

**V.**

**ORDER TO SHOW CAUSE**

In light of the foregoing analysis, Plaintiff is HEREBY ORDERED to respond in writing to this order, within **thirty (30) days** of the date of service of this order, showing cause why this case should not be dismissed for Plaintiff's failure to exhaust administrative remedies before filing suit.  **Failure to respond to this** order **may result in a recommendation to dismiss the case.**

IT IS SO ORDERED.

Dated:   **May 19, 2022**

UNITED STATES MAGISTRATE JUDGE