UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL RAMIREZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PEREZ, et al.,<br><br>　　　　　　Defendants. | Case No. 1:22-cv-00564-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR EMERGENCY RELIEF BE DENIED<br><br>(ECF No. 7) |

　　　Plaintiff Israel Ramirez is appearing pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983.

　　　Currently before the Court is Plaintiff's motion for emergency relief, filed May 26, 2022. The Court construes Plaintiff's motion as a request for a preliminary injunction.

**I.**

**LEGAL STANDARD**

　　　Because the Court construes Plaintiff's motion as a request for injunctive relief, the Court recites the standards governing preliminary injunctions. The primary purpose of a preliminary injunction is preservation of the status quo. See, e.g., Ramos v. Wolf, 975 F.3d 872, 887 (9th Cir. 2020). More specifically, the purpose of a preliminary injunction is preservation the Court's power to render a meaningful decision after a trial on the merits. See, e.g., Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981); Barth v. Montejo, No. 2:19-cv-1874-DB-P, 2021 WL 1291962,

1

1 at *1 (E.D. Cal. Apr. 7, 2021). It is meant to maintain the relative positions of the parties and prevent

2 irreparable loss of rights before a trial and final judgment. See, e.g., Camenisch, 451 U.S. at

3 395; Ramos, 975 F.3d at 887; Doe #1 v. Trump, 957 F.3d 1050, 1068 (9th Cir. 2020).

4 A preliminary injunction may assume two forms. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH

5 & Co., 571 F.3d 873, 878 (9th Cir. 2009). Prohibitory injunctions prevent a party from acting, thus

6 maintaining the status quo. Id. A mandatory injunction directs some responsible party to act. Id. at

7 879.

8 The legal principles applicable to requests for injunctive relief, such as a temporary restraining

9 order or preliminary injunction, are well established. To prevail, the moving party must show that

10 irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d

11 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20–22

12 (2008)); see also All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). To the

13 extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of

14 irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v.

15 City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see Stormans, 586 F.3d at 1127; Cottrell,

16 632 F.3d at 1131. Under Winter, the proper test requires a party to demonstrate: (1) he is likely to

17 succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the

18 balance of hardships tips in his favor; and (4) an injunction is in the public interest. E.g., Winter, 555

19 U.S. at 20; Stormans, 586 F.3d at 1127; Cottrell, 632 F.3d at 1131.

20 A preliminary injunction is an extraordinary remedy that is not awarded as of right. Winter,

21 555 U.S. at 24; Cottrell, 632 F.3d at 1131. The burden to achieve injunctive relief is particularly high

22 when a party seeks a mandatory injunction. See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir.

23 2015). Mandatory injunctions go beyond an injunction *preventing* a party from acting, and thus

24 beyond mere maintenance of the status quo. Id. They require a party to act. Id. District courts must

25 deny requests for mandatory injunctions unless the law and facts *clearly* favor a moving party. Id. The

26 Court will not grant such requests in doubtful cases. Id.

27 ///

28 ///

## II.

## DISCUSSION

Plaintiff effectively seeks a mandatory injunction directing he be released from prison. Plaintiff cannot obtain a preliminary injunction compelling his release from incarceration. Plaintiff brings this action under 42 U.S.C. § 1983. Section 1983 provides a remedy for the violation of constitutional rights by any person acting under color of state law. 42 U.S.C. § 1983; see, e.g., Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Section 1983 is not a vehicle for challenging the validity of confinement. See, e.g., Skinner v. Switzer, 562 U.S. 521, 533–34 (2011) (citing Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016). Complaints for relief turning on the circumstances of a prisoner's confinement may be brought in a § 1983 action. See Skinner, 562 U.S. at 533–34; Nettles, 830 F.3d at 927.

The *exclusive* remedy for a prisoner seeking immediate or speedier release from confinement, however, is a writ of habeas corpus. Nettles, 830 F.3d at 927; see Skinner, 562 U.S. at 533–34; Heck v. Humphrey, 512 U.S. 477, 481–87 (1994); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

Because a habeas petition is the exclusive method by which a prisoner may seek release from custody, a temporary restraining order or injunction ordering a prisoner's release in a civil rights action is inappropriate. See, e.g., Nettles, 830 F.3d at 927; Henson v. Corizon Health, No. CV 19-04396-PHX-MTL (DMF), 2020 WL 2319937, at *2 (D. Ariz. May 11, 2020). If Plaintiff wishes to challenge the fact or duration of his confinement, he may file a petition for a writ of habeas corpus.

## III.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for immediate release from incarceration (ECF No. 7) be DENIED.

This Findings and Recommendation is submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 31, 2022**

UNITED STATES MAGISTRATE JUDGE