# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL RAMIREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PEREZ, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-00564-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THE ACTION<br><br>(ECF No. 20) |

　　　　Plaintiff Israel Ramirez is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Plaintiff's complaint in this action was filed on May 11, 2022.  (ECF No. 1.)

　　　　Plaintiff filed a first amended complaint on June 21, 2022.  (ECF No. 16.)  On August 3, 2022, the Court screened the first amended complaint, found no cognizable claims, and granted Plaintiff thirty days to file second amended complaint.  (ECF No. 19.)

　　　　Plaintiff failed to file a second amended complaint or otherwise respond to the Court's August 3, 2022 order.  Therefore, on September 12, 2022, the Court issued an order for Plaintiff to show cause why the action should not be dismissed.  (ECF No. 20.)  Plaintiff has failed to respond to the order to show cause and the time to do so has now passed.  Accordingly, dismissal of the action is warranted.

///

1

I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

1    The Federal Rules of Civil Procedure require complaints contain a "...short and plain
2 statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84
3 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Claims must be stated simply,
4 concisely, and directly. See McHenry v. Renne, 84 F.3d at 1177 (referring to Fed. R. Civ. P.
5 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's
6 claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir.
7 1996). Because a plaintiff must allege, with at least some degree of particularity, overt acts by
8 specific defendants which support the claims, vague and conclusory allegations fail to satisfy this
9 standard. Additionally, to survive screening, Plaintiff's claims must be facially plausible, which
10 requires sufficient factual detail to allow the Court to reasonably infer that each named defendant
11 is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v.
12 United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

13    As with Plaintiff's prior complaint, the Court cannot engage in its duty under 1915A
14 because Plaintiff's handwritten complaint is mostly illegible.  See Local Rule 130(b) (requiring
15 all documents presented for filing to be legible).  Plaintiff appears to articulate issues with his
16 medical care, but due to the penmanship and disorganization the Court cannot comprehend the
17 factual nature of his allegations.  The Court will again provide Plaintiff with the applicable legal
18 standard and an amended complaint form, which he should use in filing a legible second
19 amended complaint.  Plaintiff's letter and word formation must be legible and Plaintiff must use
20 adequate spacing between words.

21                                    **III.**

22                           **MEDICAL TREATMENT**

23    A pretrial detainee's rights arise under the Fourteenth Amendment's Due Process Clause
24 whereas a convicted prisoner's rights arise under the Eighth Amendment's Cruel and Unusual
25 Punishments Clause. See Bell v. Wolfish, 441 U.S. 520, 535 (1979). A deliberate indifference
26 test applies to both a pretrial detainee's claim and a prisoner's claim, but for a pretrial detainee it
27 is an objective test, rather than the subjective test which applies to a prisoner's claim. See Gordon
28 v. County of Orange, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). Because Plaintiff claims

involves the conditions at the Madera County Jail, the Court applies the more stringent objective deliberate indifference standard. Under this standard, a pretrial detainee must allege:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).  With regard to the third element, the defendant's conduct must be objectively unreasonable —"a test that will necessarily turn[ ] on the facts and circumstances of each particular case." Id. (internal citations and internal quotation marks omitted). Thus, the plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." Id.

Because of the illegible nature of Plaintiff's first amended complaint, the Court cannot determine whether Plaintiff states a cognizable claim for relief.  Plaintiff will be granted one final opportunity for leave to amend to present a legible complaint.

**IV.**

**FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**

Here, the Court screened Plaintiff's first amended complaint, and on August 3, 2022, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days.  (ECF No. 19.)  Plaintiff did not file a second amended complaint or otherwise respond to the Court's August 3, 2022 order.  Therefore, on September 12, 2022, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed.  (ECF No. 20.)  Plaintiff failed to respond to the September 12, 2022 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to

4

1  control its docket and may, in the exercise of that power, impose sanctions where appropriate,
2  including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir.
3  2000).

4      A court may dismiss an action based on a party's failure to prosecute an action, failure to
5  obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52,
6  53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d
7  1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
8  complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
9  comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v.
10 United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
11 with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack
12 of prosecution and failure to comply with local rules).

13     "In determining whether to dismiss an action for lack of prosecution, the district court is
14 required to consider several factors: '(1) the public's interest in expeditious resolution of
15 litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;
16 (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less
17 drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These
18 factors guide a court in deciding what to do, and are not conditions that must be met in order for
19 a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d
20 1217, 1226 (9th Cir. 2006) (citation omitted).

21     In this instance, the public's interest in expeditious resolution of the litigation and the
22 Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine
23 (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended
24 complaint within thirty days of August 3, 2022 and has not done so. Accordingly, the operative
25 pleading is the June 21, 2022 first amended complaint which has been found not to state a
26 cognizable claim. Plaintiff's failure to comply with the order of the Court by filing an amended
27 complaint hinders the Court's ability to move this action towards disposition. This action can
28 proceed no further without Plaintiff's compliance with the order and his failure to comply

indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's August 3, 2022 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 19.) In addition, the Court's September 12, 2022, order to show cause specifically stated: "Plaintiff's failure to comply with this order will result in a recommendation to dismiss the action." (ECF No. 20.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

**V.**

**CONCLUSION AND RECOMMENDATION**

The Court has screened Plaintiff's complaint and found that it fails to state a cognizable claim. Plaintiff has failed to comply with the Court's order to file a second amended complaint or respond to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should

be dismissed for Plaintiff's failure to state a cognizable claim, failure to obey the August 3, 2022 and September 12, 2022 orders, and failure to prosecute this action.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen **(14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __October 7, 2022__

UNITED STATES MAGISTRATE JUDGE